UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| Zep Inc., | : | |
|---|---|---|
| | : | |
| Plaintiff, | : | Civil Action No. 2:08-cv-01085-GLF-MRA |
| | : | |
| v. | : | JUDGE FROST |
| | : | |
| Midwest Motor Supply Co., Inc., d/b/a Kimball Midwest, et al. and Individual Robert Richesson | : | MAGISTRATE JUDGE ABEL |
| | : | |
| Defendants. | : | |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED BY AND BETWEEN Plaintiff, Zep Inc. and Defendants Midwest Motor Supply Co., Inc. d/b/a Kimball Midwest and Robert Richesson (collectively the "Defendants"), as follows:

WHEREAS, documents and information have and may be sought, produced, or exhibited by and among the parties to the above-referenced action, as well as by non-parties, which relate to alleged trade secrets and confidential information, including but not limited to research, development, technology, business plans, customer lists, customer information, pricing information or other proprietary information belonging to Plaintiff, Defendants and/or non-parties;

THEREFORE, this Stipulated Protective Order is necessary to protect such alleged trade secrets and confidential information and such protection shall be had according to the following terms:

1. Any information or document submitted and/or produced, either voluntarily or pursuant to any subsequent order or subpoena in this action, which is asserted by any of the parties, or by the producing entity, to contain or constitute a trade secret or other confidential or proprietary information, shall be so designated by said party or producing entity in writing, and shall be segregated from other information or documents being submitted and/or produced. Information or documents so designated shall be clearly and prominently marked on their face with the legend: "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY," as outlined in Paragraph 2 below. All transcripts of oral testimony, and any exhibits referenced during such testimony, as well as the oral testimony itself, shall be deemed to be designated as "CONFIDENTIAL - ATTORNEY'S EYES ONLY" for a period of ten (10) days from receipt by counsel. Any person or entity may, within ten (10) days of the receipt of a transcript of oral testimony designate the testimony or any exhibits referenced therein as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" by so notifying the other parties of such designation in writing. Any document or information marked as "CONFIDENTIAL" or as "CONFIDENTIAL - ATTORNEY'S EYES ONLY" shall be used exclusively and solely for purposes of this litigation and for no other purpose whatsoever.

2. The producing party or entity shall designate as "CONFIDENTIAL" information which the party believes in good faith pertains to its business, its employees, customers, or directors, and is not generally known or available to outside parties, and would not be revealed to third parties. Information or documents shall be designated as "CONFIDENTIAL - ATTORNEY'S EYES ONLY" when the producing or submitting party or entity believes in

good faith that such information or documents contain trade secrets, confidential information, and/or proprietary information the disclosure of which will subject the producing or submitting party to irreparable loss or harm. These designations shall be made at the time that the information is produced to the other party or within ten (10) days thereafter.

3. In the absence of prior written permission from the individual or entity asserting confidential treatment or an order by the Court, any confidential documents or information submitted or produced in accordance with the provision of paragraph 1, above, that are marked "CONFIDENTIAL" shall not be disclosed to any person other than: (i) the parties and their attorneys in this action, including any necessary support personnel assisting such attorneys, (ii) qualified persons taking testimony involving such documents or information and necessary stenographic and clerical personnel; (iii) technical experts or other expert witnesses and their staff who are employed for purposes of this litigation, (iv) the Court and any personnel of the Court, including members of any jury impaneled to hear this case, (v) lay witnesses provided that the party intending to question such lay witness gives five (5) days prior notice of such examination to the producing or submitting party so that such party may have an opportunity to seek a protective order if necessary, and (vi) the producing or submitting party during its deposition or testimony.

In the absence of prior written permission from the individual or entity asserting confidential treatment or an order by the Court, any confidential documents or information submitted in accordance with the provisions of paragraph 1, above, that are marked "CONFIDENTIAL - ATTORNEY'S EYES ONLY" shall not be disclosed to any person other than the Counsel of record in this case and the General Counsel for each corporate party.

3

4. Confidential information submitted in accordance with the provisions of paragraph 1, above, shall not be made available to any person designated in paragraph 3(iii) or (v) unless such person shall have first read this order, agreed to be bound by the terms thereof as set forth in the attached Exhibit A, agreed not to reveal such confidential information to anyone other than persons designated in paragraph 3, above, and agreed to utilize such confidential information solely for the purpose of this litigation. In any event, Counsel of record for each party shall maintain control of the master copy of any document produced under the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" and shall not allow persons designated in Paragraph 3(v) to maintain copies of these documents.

5. If the Court orders, or if the parties agree, that access to, or the dissemination of, information submitted or marked as "CONFIDENTIAL" shall be made to persons not included in paragraph 3, above, all such persons shall be subject to the terms and conditions of this protective order with respect to any such confidential information.

6. Any confidential information submitted to the Court in connection with a motion, trial or other proceeding within the purview of this lawsuit shall be submitted as set forth in paragraph 1, above, under seal and shall be maintained by the Clerk of Courts under seal until otherwise ordered by the Court or agreed upon by the parties in writing. Only the Court and counsel of record for the respective parties, as well as the parties, shall have access to such confidential information.

7. The parties and their attorneys agree that any document or information submitted as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" pursuant to paragraph 1, above, is to be treated as such until the parties agree otherwise in writing or until

A MKO1 1938992 v1
2905341-000015 5/14/2009

the Court otherwise orders. If a party objects to the designation by another party of documents or information as "CONFIDENTIAL" or as "CONFIDENTIAL - ATTORNEY'S EYES ONLY," such objecting party shall have twenty (20) days from receipt of such designation to file an appropriate request for the Court to rule that the disputed information or documents should not be subject to the protection of this Order.

8. The parties and their attorneys shall take all necessary and proper steps to preserve the confidentiality of, and to protect the rights of the individual or entity asserting confidential treatment with respect to, any confidential information designated by said individual or entity in accordance with paragraph 1, above.

9. All persons having knowledge of, access to or possession of any confidential information as a result of this litigation shall refrain from disclosing any portion of such information to any other person or entity except as otherwise permitted by this protective order, by this Court, or by the parties in writing.

10. If confidential information submitted or produced in accordance with paragraph 1, above, is disclosed to any person other than in the manner authorized by this protective order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the party asserting confidential treatment and, without prejudice to other rights and remedies of the party asserting confidential treatment, make every effort to prevent further disclosure by the responsible party or by the person who was the recipient of such information.

11. The Court shall have power to modify this Order at the request of any party and upon a showing of good cause. The Court shall also have the power to enforce this Order in

A MKO1 1938992 v1
2905341-000015 5/14/2009

conformity with the Federal Rules of Civil Procedure and/or other applicable law.

12. Within sixty (60) days after termination of this lawsuit, the parties shall assemble and return to the party asserting confidential treatment all items containing confidential information submitted or produced in accordance with paragraph 1, above. At the option of the party asserting confidential treatment, the parties may agree to destroy all items containing confidential information submitted or produced in accordance with paragraph 1, above. If either party elects to have its confidential information destroyed rather than returned, the other party shall send written verification that the documents have in fact been destroyed. All copies containing notes or other attorneys' work product shall be destroyed. In addition, all summaries, extracts or compilations taken from such confidential information shall be destroyed. This section shall apply only to the parties to this litigation but shall not apply to counsel of record, who shall be entitled to maintain their own files for their own purposes not inconsistent with the provisions of this Order.

13. This protective order shall remain binding after the conclusion of this litigation unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of this protective order.

14. Neither this protective order nor the designation of any item as confidential information shall be deemed to preclude any party from seeking, on an appropriate showing, lesser or greater protection with respect to the confidentiality of any document, written discovery response, or testimony.

15. Neither this protective order nor the designation of any item as "CONFIDENTIAL" or as "CONFIDENTIAL - ATTORNEY'S EYES ONLY" shall be

A MKO1 1938992 v1
2905341-000015 5/14/2009

construed as an admission that such material, or any testimony, would be admissible in evidence in this litigation.

16. Nothing in this protective order, including any action taken pursuant to its terms or inaction with respect to any designation, shall be construed as an admission that information or documents designated as "CONFIDENTIAL" or as "CONFIDENTIAL - ATTORNEY'S EYES ONLY" is in fact confidential as to any party in this action or that such information is not available from another source.

17. Nothing in this protective order shall preclude any party from using its own confidential information in any manner it chooses.

18. It is the spirit and intent of this document to maintain confidentiality of information. Its intent is not to inhibit the parties from pursuing and presenting their case on the merits in this litigation and in the event of a dispute about its interpretation, the interpretation shall be made with this spirit and intent considered. The Court shall have jurisdiction to adjudicate any disputes regarding interpretation of this Order.

                                                      s/ Mark R. Abel
                                                     United States Magistrate Judge

AGREED and submitted on this <u>14th</u> day of May, 2009:

| | |
|---|---|
| /s Megan K. Ouzts | /s W. Irl Reasoner w/e/p |
| R. Scot Harvey (0046910) | W. Irl Reasoner (0025798) |
| James D. Kurek (0023523) | HABASH, REASONER & FRAZIER LLP |
| Millisor & Nobil Co., LPA | 15th Floor |
| 9150 South Hills Blvd., Suite 300 | 471 East Broad Street |

7

| | |
|---|---|
| Cleveland, OH 44147<br>Telephone: (440) 838-8800<br>Facsimile: (440) 838-8510<br>sharvey@millisor.com<br>jkurkek@millisor.com | Columbus, OH 43215<br>Telephone: (614) 221-9400<br>Facsimile: (614) 221-1214<br>ireasoner@hrf-law.com |

David E. Gevertz
Georgia Bar No. 292430
Steven Hall
Georgia Bar No. 319308
Megan Kreitner Ouzts
Georgia Bar No. 142654
Baker, Donelson, Bearman, Caldwell
& Berkowitz, PC
Suite 1600, Monarch Plaza
3414 Peachtree Rd. N.E.
Atlanta, GA 30326
Telephone: (404) 221-6512
Facsimile: (678) 406-8816
dgevertz@bakerdonelson.com
shall@bakerdonelson.com

| | |
|---|---|
| *Attorneys for Plaintiff* | *Attorney for Defendants Robert Richesson and Midwest Motor Supply Co., Inc. d/b/a Kimball Midwest* |